IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK LAMKIN,

    Petitioner,

v.     Civil No. 03-857 BB/RHS

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1. THIS MATTER comes before the Court upon Respondent's Motion to Dismiss, filed August 3, 2003 [Doc. No. 9]. Petitioner, Mark Lamkin, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 22, 2003. Mr. Lamkin is proceeding *pro se* and *in forma pauperis*. He is confined pursuant to the Judgment, Sentence and Commitment of the Twelfth Judicial District Court of Otero County after a plea of no contest to one count of Possession of a Controlled Substance (cocaine) and one count of Driving While License Revoked or Suspended. Prior to sentencing he fled from New Mexico to Colorado. Petitioner was arrested in Colorado, returned to New Mexico and was incarcerated for several months on a parole violation.

2. Prior to sentencing on the underlying offenses in this case, Mr. Lamkin raised a jurisdictional challenge under the Interstate Agreement on Detainers ("IAD"), N.M.Stat.Ann.1978, § 31-5-12 (1971) ( requiring a disposition within 180 days from a written request). After hearing argument from trial counsel and the State, the trial court denied the challenge. Mr. Lamkin was sentenced to two and one-half years less a day for the two



offenses enhanced by an additional four year term for two prior felony convictions under New Mexico's habitual offender statute. <u>Answer, Exhibit A</u>.

    3. In his federal petition, Lamkin asserts two claims:

    (1) **Claim One:** the state failed to comply with the 180 day limit under the IAD.

    (2) **Claim Two:** ineffective assistance of counsel for failure to assert the speedy trial claim.

    3. Petitioner raised Claim One on direct appeal. It was denied by the New Mexico Court of Appeals and on certiorari to the Supreme Court. <u>Answer, Exhibits, F, G, and H</u>.

    4. Petitioner's Claim Two, asserting ineffective assistance of counsel based on his attorney's failure to assert the IAD speedy sentencing argument, was first raised in his state petition for writ of habeas corpus. The state district court found that it "plainly appears from the face of the Petition, any annexed exhibits, and the prior pleadings and proceedings" that Petitioner was not entitled to relief as a matter of law. The Petition was summarily dismissed[1] on May 23, 2003. <u>Answer, Exhibit J</u>. Petitioner's thirty day window to file a petition for writ of certiorari in the New Mexico Supreme Court ran on June 23, 2003. Rule 12-502(B) NMRA 2003.

    5. Respondent concedes that Petitioner has exhausted Claim One, but argues that Claim Two is unexhausted and also procedurally defaulted, thereby precluding review in federal court. For reasons discussed below, the Court finds Respondent's procedural default argument is well-taken and that Petitioner's exhausted claim should be dismissed, as well.

*Discussion*

---

[1] <u>See</u> N.M.S.A. § 5-802(E)(1)(Summary Dismissal Procedure).

6. In Claim One, Petitioner alleges that the IAD applied to his case, that its deadlines were violated and that the trial court therefore lacked jurisdiction to impose sentence. He argues that if he had been sentenced earlier he could have been earning meritorious good time during the period of time he was incarcerated for a parole violation relating to a different conviction.

7. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts are forbidden from granting habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1) & (2).

8. The New Mexico State Court of Appeals found that the IAD was inapplicable in this case because its purpose was to provide "timely and orderly disposition of charges outstanding against a prisoner and to expeditiously determine the status of detainers based on untried indictments, informations or complaints." Answer, Exhibit F. The Court observed that the Petitioner's criminal charges were resolved by the entry of his no contest plea and thus were no longer "outstanding" or untried" within the meaning of the IAD. Id.

9. Based on a review of the documents and the state court findings, the Magistrate Judge concludes that the state court's decision was not contrary to clearly established federal law and that its decision was a reasonable determination of the facts in light of the evidence presented. The Court recommends that relief on this ground be denied.

3

10. In Claim Two, Mr. Lamkin asserts ineffective assistance of counsel due to trial counsel's failure to address the issue of reasonable time for sentencing before and during the sentencing hearing. That issue was first raised in Petitioner's state habeas petition.

11. Petitioners generally must exhaust available state court remedies before seeking redress via a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1). See Demarest v. Price, 130 F.3d 922, 932 (10th Cir.1997); Picard v. Connor, 404 U.S. 270, 275 (1971). Failure to provide the state's highest court with an opportunity to rule on a issue and forgoing the right to do so will result in that issue being barred by procedural default. Barnett v. Le Master, 167 F.3d 1321, 1323 (10th Cir. 1999), citing Dulin v. Cook, 957 F.3d 758, 759 (10th Cir. 1995)7

12. However, dismissal without prejudice for failure to exhaust state remedies may not be appropriate if the state court would now find Petitioner's claims procedurally barred on independent and adequate state procedural grounds. See Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If Lamkin returned to state court to file a second application for post-conviction relief of the unexhausted ineffective assistance claims, he would be procedurally barred from doing so. State habeas corpus proceedings would not be available for Petitioner to seek review (and thus, obtain exhaustion) of his claim of ineffective assistance of counsel.

13. The Court notes that this case would be put in a different posture if procedural default was argued on the basis of failure to present the ineffective assistance of counsel argument on direct appeal. Although the failure to raise claims on appeal ordinarily results in procedural default, ineffective assistance claims are excepted from this rule. See Duncan v.

4

Kerby, 115 N.M. 344, 346 (1993), Jackson v. Shanks, 143 F.3d 1313, 1318 (10th Cir. 1998) (citing Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995)). Here, however, although Petitioner did not directly appeal any claim of ineffective assistance of counsel, he had the opportunity to raise and exhaust in a state post-conviction proceeding the claim which he now raises in his federal petition.

14. A *federal court does not consider issues on habeas review "that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."* English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50, 111 S.Ct. 2546). For a state procedural ground to be independent, it must rely on state law, rather than federal law. Id.

15. The procedural rule that would bar Lamkin's ineffective assistance of counsel claims is rooted in New Mexico state law and the thirty-day deadline for filing petitions for certiorari is thus "independent" for purposes of procedural bar. The rule is also adequate because it is "strictly or regularly followed" and applied "evenhandedly to all similar claims." Smallwood v. Gibson, 191 F.3d at 1268 (citations omitted) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982)), cert. denied, 119 S.Ct. 345 (1998). Lamkin's failure to seek review of the denial of his state petition for habeas corpus constituted procedural default, notwithstanding the discretionary nature of certiorari review in the New Mexico Supreme Court. Ballinger v. Kerby, 3 F.3d 1371 (10th Cir. 1993) (citing Dulin v. Cook, 957 F.2d 758 (10th Cir. 1992).

16. Where a state prisoner has defaulted his federal claims in a state court pursuant to

5

an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Romero v. Tansy, 46 F.3d 1024, 1027 (10th Cir. 1995) (citing Coleman v. Thompson, 501 U.S. 722 (1991)).The "cause and prejudice" standard applies to *pro se* prisoners just as it applies to prisoners represented by counsel. Watson v. State of New Mexico, 45 F.3d 385, 388 n.3 (10th Cir. 1995) (cit. omitted).

17. In order to satisfy the "cause" standard, petitioner must show that "some objective factor external to the defense" impeded his compliance with New Mexico's procedural rules. Watson v. State of New Mexico, 45 F.3d 385, 388 (10th Cir. 1995).Petitioner appeared to be arguing in his federal habeas petition that his failure to appeal the denial of his state habeas petition was due to his ignorance of the proper procedure, however, ignorance or inadvertence does not constitute cause, nor does failure to recognize the factual or legal basis for a claim. Murray v. Carrier 477 U.S. 478, 492 (1986). Petitioner's objections to the Magistrate's Proposed Findings and Recommended Disposition in this case state that the Court's conclusion that Petitioner was ignorant of proper procedure "is a prejudicial misrepresentation of the record." The argument that Petitioner appears to be making now is that he actually knew the proper procedure to appeal the denial of relief by the state district court on his ineffective assistance of counsel claim and decided not to do so. That factual situation also fails to satisfy the "cause" standard.

18. Further, the court finds nothing in the record to implicate the "miscarriage of justice" exception, which requires a claim of actual innocence regarding the offense under

review. See McCleskey v. Zant, 499 U.S. 467 (1991) (fundamental miscarriage of justice involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime), Andrews v. Deland, 943 F.2d 1162, 1186 (10th Cir. 1991), cert. den., 502 U.S. 1110 (1992)

19. Petitioner, by his failure to seek timely state supreme court review of the denial of his habeas corpus petition by the state district court, failed to exhaust the available state court remedies. His ineffective assistance of counsel claim is procedurally barred and it is not subject to habeas review in this Court. The Magistrate Judge therefore recommends that Claim Two be dismissed.

### Recommendation

The Magistrate Judge recommends that Respondent's Motion to Dismiss [Doc. No. 9] be **GRANTED WITH PREJUDICE** and that this case be dismissed in its entirety.

*Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.*

Robert H. Scott
UNITED STATES MAGISTRATE JUDGE